**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| LARRY GOLDEN,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Civil Action No. 6-26-cv-00224-AM-DNM<br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANT APPLE INC.'S MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   FACTUAL BACKGROUND ...............................................................................1

    A.   Mr. Golden's Prior Suits Against Apple ....................................................1

    B.   Mr. Golden's Current Suit Against Apple...................................................3

III.  LEGAL STANDARDS .........................................................................................4

    A.   Claim Preclusion Bars Relitigation Of Patent Infringement Allegations Once A Final Judgment On The Merits Has Been Entered. ...............................4

    B.   The *Kessler* Doctrine Prevents Repeated Claims Based On Post-Final Judgment Conduct. ..............................................................................4

    C.   A Patentee Cannot Assert A Claim For Patent Infringement Without Some Factual Allegations That Render The Claim Plausible. ..........................5

IV.   ARGUMENT .........................................................................................................6

    A.   Mr. Golden's Repeat Patent Infringement Allegations Are Barred By Claim Preclusion And The *Kessler* Doctrine. .........................................6

        1.   Mr. Golden's Allegations Concerning Conduct Through *Golden III* Are Barred By Claim Preclusion...............................................6

        2.   Mr. Golden's Allegations Concerning Conduct After *Golden III* Are Barred By The *Kessler* Doctrine. ......................................8

    B.   Mr. Golden Fails To State A Plausible Claim For Relief. ...................................9

V.    CONCLUSION ...................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*ALD Soc. LLC v. Google LLC*,
No. WA-22-CV-972-FB, 2023 WL 3184631 (W.D. Tex. Mar. 17, 2023) ...........................12

*Allen v. McCurry*,
449 U.S. 90 (1980) .....................................................................................................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................................................5

*Askan v. FARO Techs., Inc.*,
No. 2022-2117, 2023 WL 4101351 (Fed. Cir. June 21, 2023) ..................................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................................................5

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ...................................................................................................5

*Brain Life, LLC v. Elekta Inc.*,
746 F.3d 1045 (Fed. Cir. 2014)..........................................................................................4, 5, 9

*Brooks v. Raymond Dugat Co. L C*,
336 F.3d 360 (5th Cir. 2003) .....................................................................................................6

*Fernandez-Montes v. Allied Pilots Ass'n*,
987 F.2d 278 (5th Cir. 1993) .................................................................................................5, 6

*Golden v. Apple Inc.*,
819 F. App'x 930 (Fed. Cir. 2020)..............................................................................................2

*Golden v. Apple Inc. et al*,
No. 6:19-cv-2557-DCC (D.S.C. filed Sept. 11, 2019) ..........................................................1, 2

*Golden v. Apple Inc. et al*,
No. 6:20-cv-04353-JD-KFM (D.S.C. filed Dec. 16, 2020)........................................................2

*Golden v. Apple Inc.*,
No. 2022-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) ...................................................2

*Golden v. Apple Inc.*,
No. 2023-1161, 2023 WL 3400595 (Fed. Cir. May 12, 2023) ...................................................3

*Golden v. Apple Inc.*,
No. 22-cv-04152-VC (N.D. Cal. filed Jul. 15, 2022).......................................................*passim*

*Kessler v. Eldred*,
    206 U.S. 285 (1907) ....................................................................................................*passim*

*Lightfoot v. Cendant Mortg. Corp.*,
    580 U.S. 82 (2017) ..................................................................................................................6

*Oreck Direct, LLC v. Dyson, Inc.*,
    560 F.3d 398 (5th Cir. 2009) ..............................................................................................4, 6

*In re PersonalWeb Techs. LLC*,
    961 F.3d 1365 (Fed. Cir. 2020)..........................................................................................5, 8

*Senju Pharm. Co. v. Apotex Inc.*,
    746 F.3d 1344 (Fed. Cir. 2014)..........................................................................................4, 7

*SimpleAir, Inc. v. Google LLC*,
    884 F.3d 1160 (Fed. Cir. 2018)..............................................................................................8

*Xiaohua Huang v. Huawei Techs. Co.*,
    787 F. App'x 723 (Fed. Cir. 2019).........................................................................................7

## STATUTES

28 U.S.C. § 1338.............................................................................................................................6

## RULES

Fed. R. Civ. P. 12(b)(6)..................................................................................................................5

iv

## I.     INTRODUCTION

This case is Plaintiff Larry Golden's ("Mr. Golden") fourth suit against Apple Inc. ("Apple") asserting the same or similar patents.  Mr. Golden twice brought related claims against Apple in the District of South Carolina.  Each time, Mr. Golden's claims were dismissed as frivolous, and the Federal Circuit affirmed those findings.  After striking out in South Carolina, Mr. Golden sued Apple in the Northern District of California asserting the very same patents he asserts now—U.S. Patent Nos. 10,163,287 (the "'287 Patent"), 10,984,619 (the "'619 Patent"), 9,589,439 (the "'439 Patent"), and 9,096,189 (the "'189 Patent").  The Northern District of California recognized Mr. Golden's continued, baseless quest to press his frivolous claims in multiple jurisdictions and dismissed those claims *without leave to amend*.  The Federal Circuit affirmed and awarded costs.  That should have been the end.

Now Mr. Golden asserts the same patents against the same products in a new jurisdiction. The law of claim preclusion exists to curb such abuses, and the Court should apply it here.  To the extent that Mr. Golden claims that his allegations are directed to conduct occurring after the virtually identical case in the Northern District of California was dismissed without leave to amend, the *Kessler* doctrine fills any gap left by the law of claim preclusion.  And even if Mr. Golden were permitted to continue pressing his claims after they were dismissed without leave to amend, he still failed to plausibly allege infringement.  This Court should once again dismiss Mr. Golden's claims with prejudice.

## II.     FACTUAL BACKGROUND

### A.     Mr. Golden's Prior Suits Against Apple

Mr. Golden first sued Apple in 2019 in the District of South Carolina.  *Golden v. Apple Inc. et al*, No. 6:19-cv-2557-DCC (D.S.C. filed Sept. 11, 2019) ("*Golden I*").  There, Mr. Golden sued Apple and more than a dozen other defendants alleging infringement of the '287, '439, and

1

'189 Patents, as well as three other patents not at issue here.  That case was dismissed without prejudice and without issuance of service of process.  Ex. A (*Golden I*, slip op. at 6 (D.S.C. Jan. 27, 2020).  The Federal Circuit affirmed that dismissal "on the ground of frivolousness."  *Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020).

Shortly after the Federal Circuit affirmed dismissal of *Golden I*, Mr. Golden sued Apple (and others) in the District of South Carolina again, alleging infringement of the same patents as before.  *Golden v. Apple Inc. et al*, No. 6:20-cv-04353-JD-KFM (D.S.C. filed Dec. 16, 2020) ("*Golden II*").  The district court noted "the vague conclusory allegations in the complaint" and Mr. Golden's "attempt to circumvent the prior dismissals" and dismissed his claims as frivolous.  Ex. B (*Golden II*, slip op. at 6 (D.S.C. Nov. 2, 2021)).  Mr. Golden again appealed, and the Federal Circuit again affirmed.  *Golden v. Apple Inc.*, No. 2022-1229, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022) (finding Mr. Golden's claims against Apple were frivolous).

Shortly after the Federal Circuit affirmed dismissal of *Golden II*, Mr. Golden sued Apple in the Northern District of California, alleging that Apple infringed all four patents at issue in this case—the '287, '619, '439, and '189 patents—and others not at issue here.  *Golden v. Apple Inc.*, No. 22-cv-04152-VC (N.D. Cal. filed Jul. 15, 2022) ("*Golden III*").  In *Golden III*, Mr. Golden explicitly accused Apple's "new and improved" cell phones, smartphones, laptops, tablets, and smartwatches of infringement.  *See* Ex. C at 28 (*Golden III* Complaint).  The *Golden III* court dismissed Mr. Golden's claims as frivolous once again, and also as barred by issue preclusion because they had been fully litigated and decided in a lawsuit that Mr. Golden filed against the United States.  Ex. D (*Golden III*, slip op. at 1 (N.D. Cal. Oct. 20, 2022)).  Critically, the court granted the motion to dismiss **without leave to amend**.  *Id.* ("The complaint is dismissed without leave to amend.  Golden has been pressing these frivolous claims (or some variation thereof) for

2

nearly 10 years in multiple jurisdictions."). The *Golden III* court then entered final judgment in favor of Apple and against Mr. Golden. Ex. E. Mr. Golden again appealed, and the Federal Circuit affirmed the district court's dismissal without leave to amend. *Golden v. Apple Inc.*, No. 2023-1161, 2023 WL 3400595, at *2 (Fed. Cir. May 12, 2023) (awarding costs and noting that Mr. Golden's allegations "lack an arguable basis in law or fact and are nothing more than another attempt by Mr. Golden to circumvent prior dismissals in other jurisdictions")

### B.      Mr. Golden's Current Suit Against Apple

Mr. Golden now seeks to press the same allegations that were dismissed in *Golden III* in this case. He alleges that his patents are directed to consumer devices with CBRNE-H (chemical, biological, radiological, nuclear, and high-yield explosives) detection capabilities. Dkt. 1 at 9. Mr. Golden appears to allege that Apple has "modified" its iPhones starting as early as 2007 in some manner that allegedly infringes the '287, '619, '439, and '189 patents. *Id.* at 77–78. Mr. Golden repeats those allegations for "A-Series CPU/Chipsets." *Id.* at 83. Mr. Golden also appears to accuse every version of the Apple Watch ever made of infringement (*id.* at 92).

But Mr. Golden does not offer any explanation of how the accused products supposedly infringe. According to Mr. Golden, infringement occurs when a consumer device "is integrated with, or interconnected to, a CBRNE-H detection capability." *Id.* at 93. Mr. Golden states a CBRNE-H sensing device was "made before importation" (*id.*) but fails to state what he alleges the CBRNE-H sensing device is. Rather, Mr. Golden explains he "chose not to attach claim charts because Plaintiff is not trying to re-litigate any issues that have already been decided in previous courts" and further states "[w]e know how Plaintiff's patents are infringed." *Id.* Addressing the *Golden III* action, Mr. Golden states the following: "If the Circuit had read Plaintiff's pleadings, the Circuit would have realized the Northern District of California court, and the U.S. Court of Appeals for the Federal Circuit; both determined the 'modified' cell phones of Samsung and

3

Google that mirrors the 'modified' cell phones of Apple; include the same 'nine standard sensors which can be used as biosensors'." *Id.* at 54.  In other words, Mr. Golden appears to argue that—based upon the alleged findings of other federal courts in cases not involving Apple—he need only show that Apple products integrate CBRNE-H detection capability to prove infringement.  *Id.* at 77–78.

## III.    LEGAL STANDARDS

### A.    Claim Preclusion Bars Relitigation Of Patent Infringement Allegations Once A Final Judgment On The Merits Has Been Entered.

In patent cases, courts apply regional circuit law to determine general principles of claim preclusion, and Federal Circuit law for issues unique to patent law, including whether a cause of action is the same as or different from another cause of action.  *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1348 (Fed. Cir. 2014).  Under Fifth Circuit law, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'"  *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  The test for claim preclusion has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.  *Oreck Direct*, 560 F.3d at 401.  In determining whether two causes of action are the same, courts look for overlap in the product or process accused of infringement in both cases, and also whether the same patents are involved in both suits.  *Senju*, 746 F.3d at 1349.

### B.    The *Kessler* Doctrine Prevents Repeated Claims Based On Post-Final Judgment Conduct.

The *Kessler* doctrine allows "an adjudged non-infringer to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action."  *Brain Life, LLC v. Elekta*

4

*Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014).  This doctrine emerged from *Kessler v. Eldred*, 206 U.S. 285 (1907), where a suit against a manufacturer's customer was barred after the manufacturer was found not liable for infringement, on the basis that the earlier adjudication created a trade right to continue doing business as usual without fear of more infringement allegations.  *Brain Life*, 746 F.3d at 1056.  In other words, even though allegations in a subsequent suit could be targeted to acts of alleged infringement that occurred post-final judgment in the earlier suit, the *Kessler* doctrine "fills the gap . . . allowing an adjudged non-infringer to avoid repeated harassment."  *Id.* The *Kessler* doctrine applies to dismissals with prejudice, even if the issue of noninfringement is not actually litigated.  *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1379 (Fed. Cir. 2020).

> **C.    A Patentee Cannot Assert A Claim For Patent Infringement Without Some Factual Allegations That Render The Claim Plausible.**

To satisfy Rule 12(b)(6), a pleading must set forth facts that, if accepted as true, would "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

In the context of patent infringement, "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

## IV.   ARGUMENT

### A.   Mr. Golden's Repeat Patent Infringement Allegations Are Barred By Claim Preclusion And The *Kessler* Doctrine.

The doctrine of claim preclusion bars re-litigation of Mr. Golden's claims that have already been dismissed without leave to amend by a court of competent jurisdiction in *Golden III*.  To the extent the Complaint is interpreted to allege infringement after *Golden III*, those claims are barred by the *Kessler* doctrine.

### 1.   Mr. Golden's Allegations Concerning Conduct Through *Golden III* Are Barred By Claim Preclusion.

The dismissal without leave to amend in *Golden III* precludes Mr. Golden's claims in this case concerning conduct up to October 20, 2022 (the date of final judgment in *Golden III*).  Claim preclusion applies when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.  *Oreck Direct*, 560 F.3d at 401.  Those requirements are satisfied.

***First***, there is no dispute that the parties are identical.  Both *Golden III* and this case name Mr. Golden as the plaintiff and Apple as the defendant.  *Compare* Dkt. 1 *with* Ex. C.

***Second***, the Northern District of California is a "court of competent jurisdiction" because it is a federal court with subject matter jurisdiction over patent cases.  *See Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 91-92 (2017); *see also* 28 U.S.C. § 1338.

***Third***, the dismissal without leave to amend in *Golden III* was a final judgment on the merits.  "A dismissal with prejudice is a final judgment on the merits." *Brooks v. Raymond Dugat Co. L C*, 336 F.3d 360, 362 (5th Cir. 2003).  In *Golden III*, dismissal was granted "without leave to amend." Ex. D.  Such a dismissal is "with prejudice" and has a preclusive effect. *Fernandez-Montes*, 987 F.2d at284 at n.8 ("[D]ismissal is presumed to be with prejudice unless the order

6

explicitly states otherwise."). And the *Golden III* court was clear that it intended its dismissal to have preclusive effect: "Golden has been pressing these frivolous claims (or some variation thereof) for nearly 10 years in multiple jurisdictions. This is the rare case where dismissal without leave to amend is appropriate at the outset." Ex. D.

**Fourth**, the same cause of action is involved in both this case and *Golden III*. "Claim preclusion will generally apply when a patentee seeks to assert the same patent against the same party and the same subject matter." *Senju Pharm.*, 746 F.3d at 1349. That is precisely the situation here. Regarding patents, all four patents asserted in this case were also asserted in *Golden III*. *See* Ex. C at 29–35 (purporting to set forth willful infringement allegations for the '287, '619, '439, and '180 patents). Regarding parties, Apple is the only named Defendant in *Golden III*. Ex. C. And regarding subject matter, Mr. Golden advances the same theory of infringement against the same products. In *Golden III*, Mr. Golden alleged that pursuant to a U.S. Department of Homeland Security initiative, government contractors including Apple developed infringing technology at the government's behest. *See, e.g.*, Ex. C at 15–17. He presses those theories here, too. *See, e.g.*, Dkt. 1 at 23–27. And the same products are at issue. In *Golden III*, Mr. Golden accused "new and improved" cell phones, smartphones, laptops, tablets, and smartwatches of infringement. *See* Ex. C at 28; *see also id.* at 24 (accusing CPUs, or "brains" of such devices of infringement). In this case, Mr. Golden targets "modified" smartphones, CPUs, and smartwatches. Dkt. 1 at 77–78, 83, 92. To the extent Mr. Golden's suit here identifies specific versions of smartphones, CPUs, and smartwatches that were not explicitly referenced in *Golden III*, he does not identify material differences between those products and the unnamed products in *Golden III*, much less show how any alleged differences were material to the limitations of the patent claims at issue. *See Xiaohua Huang v. Huawei Techs. Co.*, 787 F. App'x 723, 726 (Fed. Cir. 2019) ("Subject matter is the same

7

for claim preclusion purposes if the earlier accused devices and the devices accused in the current action are 'essentially the same.'" (citation omitted)).

Thus, the dismissal without leave to amend in *Golden III* precludes Mr. Golden's claims in this case concerning conduct at least through *Golden III*.

### 2. Mr. Golden's Allegations Concerning Conduct After *Golden III* Are Barred By The *Kessler* Doctrine.

Mr. Golden does not concretely allege any acts of infringement occurring after *Golden III*. To the extent the Complaint is interpreted to allege ongoing infringement after *Golden III*, such claims are barred by the *Kessler* doctrine.

As explained above, the *Kessler* doctrine allows an adjudged non-infringer to avoid repeated harassment for continuing its business after final judgment in a patent action. *See* § III.B, *supra*. It applies when there is an adjudication on the merits for claim preclusion purposes and if the earlier judgment held that essentially the same accused activity did not infringe the asserted patents. *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1170 (Fed. Cir. 2018). Here, the dismissal without leave to amend in *Golden III* was an adjudication on the merits for claim preclusion purposes. *See* § IV.A.1, *supra*. Additionally, the judgment in *Golden III* resolved the dispute about liability for the alleged patent infringement. Ex. D ("The claims asserted in the complaint are frivolous. Even if they were not frivolous, Golden's patent infringement claims against Apple are barred by issue preclusion because they have been fully litigated and decided."). To the extent Mr. Golden argues that the *Kessler* doctrine does not apply because the issue of noninfringement was not actually litigated in *Golden III*, the Federal Circuit squarely rejected that proposition. *See In re PersonalWeb Techs. LLC*, 961 F.3d at 1379 ("We therefore reject PersonalWeb's contention that the issue of non-infringement must be 'actually litigated' in order to invoke the *Kessler* doctrine.")

The Federal Circuit recently affirmed a district court's dismissal with prejudice of a pro se plaintiff's patent infringement claims under the *Kessler* doctrine. *See Askan v. FARO Techs., Inc.*, No. 2022-2117, 2023 WL 4101351, at *1 (Fed. Cir. June 21, 2023). In *Askan*, the plaintiff's initial suit was dismissed with prejudice because of his discovery conduct. *Id.* The plaintiff appealed, and the Federal Circuit affirmed. *Id.* Then, like here, the plaintiff filed a second case in a new district court alleging infringement of the same patents. *Id.* The district court in the second case dismissed the claims again with prejudice under the *Kessler* doctrine, and the plaintiff appealed on that basis. *Id.* at *2. The Federal Circuit affirmed, finding "the with-prejudice dismissal in the prior litigation operates as an adjudication of non-liability for infringement under the *Kessler* doctrine" even though the issue of infringement was not actually litigated. *Id.* at *3 ("This dismissal, in the context of the *Kessler* doctrine, operated as an adjudication of non-liability for infringement.").

Thus, should the Complaint be interpreted to allege infringing conduct occurring after *Golden III* that is not strictly barred by claim preclusion, Mr. Golden's claims covering such conduct are nevertheless barred pursuant to the *Kessler* doctrine which "fills the gap." *Brain Life*, 746 F.3d at 1056.

**B.    Mr. Golden Fails To State A Plausible Claim For Relief.**

In addition to being precluded, Mr. Golden fails to plausibly state a claim for relief. Mr. Golden's scattershot allegations are vague, ambiguous, incomplete, and untethered to Apple's products. Accordingly, the Court should dismiss Mr. Golden's claims with prejudice.

For the '287 Patent, Mr. Golden appears to allege infringement of independent claims 4, 5, and 6. Dkt. 1 at 41. Those claims require, among other things, "at least one or more detectors in communication with the at least one CPU for detecting at least one of a chemical, biological, radiological, or explosive agents." *Id.* But Mr. Golden does not identify what in any Apple product

9

constitutes such a detector.  That allegation appears to be made "on information and belief."  *Id.* at 51.  In the paragraphs that follow, Mr. Golden appears to present allegations of what an entity called "Rhevision" demonstrated for its "bio-inspired liquid lens technology."  *Id.*  Then, Mr. Golden makes the conclusory assertion that "[t]welve Federal Judges identifies where on the inside of the Apple devices the front and back camera biosensors are located."  *Id.* at 53.  But Mr. Golden sets forth no basis to somehow apply issue preclusion against Apple in this case with respect to these findings.  Additionally, the excerpts Mr. Golden includes in the complaint describe ***Samsung and Google devices***.  *Id.* at 54.  As he must, Mr. Golden acknowledges that the *Golden III* court found these allegations as applied to Apple frivolous.  *Id.* at 54–55.

For the '619 Patent, Mr. Golden appears to allege infringement of independent claims 1 and 11.  *Id.* at 41.  Those claims require, among other things, "processing instructions to monitor or detect for at least one of chemical agent, biological agent, radiological agent, nuclear agent, or explosive agent, weapons of mass destruction (WMDs)."  *Id.* at 42–43.  As with the "one or more detectors" of the '287 Patent, Mr. Golden fails to plausibly allege that Apple products include such instructions.  *Id.* at 54.  Additionally, claims 1 and 11 both require that "the communication device is capable of processing ***instructions for operational and functional execution, and is capable of providing feedback of the execution***, and storing the feedback into memory."[1]  The Complaint does not even mention those limitations, much less plausibly allege that Apple products include such instructions or that they are capable of providing such feedback.

For the '439 Patent, Mr. Golden appears to allege infringement of claims 19 and 23.  Dkt. 1, 86.  Those claims also require sensors for contraband, and Mr. Golden's infringement allegations are implausible for the same reasons identified for the '287 and '619 patents.  *See id.*

---

[1] The claim language excerpted in the Complaint is incomplete.

at 71.    Additionally, claim 19 includes the limitation "wherein **the only type or types** of communication with the transmitter and the receiver of the communication device and transceivers of the products is a type or types selected from the group consisting of satellite, Bluetooth, WiFi, internet, radio frequency (RF), cellular, broadband, long range radio frequency, and short range radio frequency (RF)."    *Id.* at 49.    Mr. Golden sets forth no allegations alleging what the "transmitter" and "receiver" are in the accused products, much less that they "only" communicate in such ways.    Claim 23 includes the limitation "whereupon a signal sent to the receiver of the cell phone detection device . . . causes a signal that includes at least one of location data or sensor data to be sent to the cell phone."    *Id.* at 22.    Again, Mr. Golden sets forth no allegations that any such signal sent includes location data or sensor data.

For the '189 Patent, Mr. Golden appears to allege infringement of claim 1.    Dkt. 1 at 90. Claim 1 requires "whereupon the communication device, is interconnected to a product equipped to receive signals from or send signals to lock or unlock doors, activate or deactivate security systems, activate or deactivate multi-sensor detection systems, or to activate or deactivate cell phone detection systems."[2]    Although Mr. Golden addresses Apple devices being "interconnected" to a "CBRNE-H detection capability" (*see, e.g.*, *id.* at 23), he fails to allege interconnection to any product "equipped to receive signals from or send signals to lock or unlock doors, activate or deactivate security systems, activate or deactivate multi-sensor detection systems, or to activate or deactivate cell phone detection systems."    Claim 1 also includes the limitation "wherein the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," but Mr. Golden again fails to allege that any accused

---

[2] The excerpt of claim 1 in the Complaint is incomplete.    *See* Dkt. 1 at 22.

product receives any such signal "via any of one or more products listed in any of the plurality of product grouping categories."

In sum, Mr. Goldens' scattershot allegations fail to plausibly allege infringement by failing to address multiple limitations, including the examples listed above. Dismissal with prejudice is warranted where, as here, the plaintiff failed to allege essential elements of the asserted claims. *See ALD Soc. LLC v. Google LLC*, No. WA-22-CV-972-FB, 2023 WL 3184631, at *4 (W.D. Tex. Mar. 17, 2023) ("Plaintiff's only argument is that the Accused Products 'monitor for emergencies and natural disasters, and alert those specifically impacted or potentially imperiled'–not that the Accused Products make an actual determination regarding whether a crowd is at risk. As such, Plaintiff cannot plausibly allege Google's Accused Products 'determin[e] a crowd risk' or include a 'crowd risk determinant,' and dismissal is therefore appropriate.").

## V.    CONCLUSION

There is no basis in law or fact for Mr. Golden to continue pressing his frivolous claims in yet another jurisdiction after the Federal Circuit affirmed dismissal of his claims without leave to amend in *Golden III*. The law of claim preclusion and the *Kessler* doctrine exist to curb such abuses, and the Court should dismiss Mr. Golden's claims with prejudice. Even if Mr. Golden was permitted to raise these claims yet again in a new jurisdiction—and he is not—those claims remain implausible and should alternatively be dismissed on that basis.

Dated: May 5, 2026                    By:    */s/ Lee J. Matalon*

                                                  John M. Desmarais (*pro hac vice* forthcoming)
Carson Olsheski (*pro hac vice* forthcoming)
Lee J. Matalon (SBN: 24117858)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, NY  10169
Tel: 212-351-3400
jdesmarais@desmaraisllp.com
colsheski@desmaraisllp.com
lmatalon@desmaraisllp.com


*Attorneys for Defendant Apple Inc.*

13

## CERTIFICATE OF SERVICE

I certify that this document was served to all parties and counsel of record electronically via CM/ECF and in the following manner(s) on this day.

| Party | Manner | |
|---|---|---|
| Plaintiff Larry Golden | *Via First Class U.S. Mail to:*<br>740 Woodruff Rd., #1102<br>Greenville, SC 29607 | (Fed. R. Civ. P. 5(b)(2)(C)) |
| | *Courtesy copy via email to:*<br>Atpg-tech@charter.net | |

Dated: May 5, 2026            By:   */s/ Lee J. Matalon*

*Attorney for Defendant Apple Inc.*

14