**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

LARRY GOLDEN,

              Plaintiff,

       v.

APPLE INC.,

              Defendant.

Civil Action No. 6-26-cv-00224-AM-DNM

**JURY TRIAL DEMANDED**

**<ins>DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT</ins>**

i

Mr. Golden's First Amended Complaint (Dkt. 14, "FAC") is an improper attempt to circumvent prior dismissals in other jurisdictions. His claims are barred by the law of claim preclusion because an earlier suit against Apple in the Northern District of California ("*Golden III*") alleged infringement of the same patents and was dismissed without leave to amend. Mr. Golden's Opposition (Dkt. 16, "Opposition" or "Opp.") does not dispute that *Golden III* was a final judgment on the merits; rather, he argues that this case involves a new theory of infringement under 271(g) and claim preclusion should not apply. Opp. at 7. But asserting a different legal theory of infringement for the same patents against the same party in a new lawsuit is impermissible claim splitting, a well-settled principle of claim preclusion. As the Federal Circuit explained, "a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together." *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995).

Even if Mr. Golden was allowed to assert his claim again, the FAC fails to state a plausible claim for relief for two independent reasons that Mr. Golden's Opposition does not address. ***First***, Mr. Golden failed to allege that the accused products met essential elements of the asserted claims. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) ("[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements."). ***Second***, Mr. Golden cannot state a claim for relief under 35 U.S.C. § 271(g) because the asserted claims do not recite any manufacturing process. *See Bayer AG v. Housey Pharms., Inc.*, 340 F.3d 1367, 1376–1377 (Fed. Cir. 2003) (interpreting 35 U.S.C. § 271(g) to cover only manufacturing processes).

Accordingly, this Court should dismiss Mr. Golden's claims with prejudice.

1

I.    **THE CLAIM PRECLUSION DOCTRINE BARS MR. GOLDEN FROM RELITIGATING HIS INFRINGEMENT CLAIMS AGAINST APPLE.**

As set forth in Apple's opening brief (Dkt. 15, "Opening Brief" or "Br."), claim preclusion applies when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. Br. at 5 (citing *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009)). Mr. Golden agrees that is the correct legal standard. Opp. at 7.

The facts showing that the elements for claim preclusion are satisfied are straightforward and not in dispute. Mr. Golden asserted the same four patents against Apple in the *Golden III* case in the Northern District of California. *See* Br. at 2. That case was dismissed without leave to amend, the court entered final judgment, and the Federal Circuit affirmed on appeal. *Id.* at 2–3.

Although Mr. Golden contends that elements 2–4 are not satisfied (Opp. at 7), there is no genuine dispute as to the second and third elements. The judgment in *Golden III* was rendered by a court of competent jurisdiction because the United States District Court for the Northern District of California is a federal district court with original jurisdiction over patent cases, and Mr. Golden does not argue otherwise. *See* 28 U.S.C. § 1338. Additionally, Mr. Golden appears to acknowledge that the *Golden III* judgment was final and on the merits. *See* Opp. at 7.

Mr. Golden argues that claim preclusion should not apply because *Golden III* concerned a different legal theory of infringement. But the Federal Circuit is clear: "[c]laim preclusion will generally apply when a patentee seeks to assert the same patent against the same party and the same subject matter." *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1348 (Fed. Cir. 2014). In *Golden III*, Mr. Golden argued Apple infringed the asserted patents under 35 U.S.C. § 271(a)–(c). *See* Dkt. 15-3 at 3 (alleging "direct infringement; infringement under the doctrine of equivalents;

indirect infringement; and contributory infringement"). Here, he alleges infringement under 35 U.S.C. § 271(g). Opp. at 8. Mr. Golden's argument is incorrect as a matter of law and dismissal with prejudice is warranted. A cause of action under a different subsection of § 271 does not evade claim preclusion, because claim preclusion turns on the transactional nucleus of facts, not the legal theory asserted. Thus, a "party must raise in a single lawsuit all the grounds of recovery arising from a particular transaction that it wishes to pursue." *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1375 (Fed. Cir. 2020). Mr. Golden does not argue that this action arises from a different set of underlying circumstances. Nor could he, because Mr. Golden affirmatively argued that "Apple should not be given another chance" to defend itself in this case based on its litigation positions in *Golden III*. FAC at 36.

Mr. Golden further argues that claim preclusion does not apply because the Northern District of California determined that one of Mr. Golden's lawsuits against Google was not related to another for reassignment purposes. Opp. at 12–15. This case concerns Mr. Golden's serial lawsuits against Apple and the law of claim preclusion, not the application of reassignment rules to Mr. Golden's lawsuits against Google. Whatever the merits of the reassignment decision, it is irrelevant to the claim preclusion issue here. And what Mr. Golden failed to tell this Court about the Google action is that his claims re-asserting patents he sued Google on before ***were dismissed on grounds of preclusion and the Kessler doctrine***. Ex. J at 1 (denying reconsideration of ruling dismissing claims relating to the '287 and '619 Patents on grounds of preclusion and the *Kessler* doctrine). The Court should similarly dismiss Mr. Golden's repeat claims here.

## II.     MR. GOLDEN DID NOT STATE A PLAUSIBLE PATENT INFRINGEMENT CLAIM.

In the Opening Brief, Apple demonstrated that Mr. Golden failed to plausibly allege infringement by failing to address essential claim elements, and by asserting a cause of action

under 35 U.S.C. § 271(g) for claims that did not concern manufacturing processes.  Mr. Golden's

Opposition does not even attempt to confront those issues.  Accordingly, the Court should consider

the challenged claims abandoned.  *See, e.g., McClelland v. Katy I.S.D.*, 63 F.4th 996, 1010 (5th

Cir. 2023) ("This circuit's well-settled precedent instructs that a party abandons a claim by failing

to defend it in response to motions to dismiss and other dispositive pleadings.").  Mr. Golden's

claims should be dismissed with prejudice.

Dated: June 15, 2026                    By:   */s/ Lee J. Matalon*

John M. Desmarais (*pro hac vice*)
Carson Olsheski (*pro hac vice*)
Lee J. Matalon (SBN: 24117858)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, NY  10169
Tel: 212-351-3400
jdesmarais@desmaraisllp.com
colsheski@desmaraisllp.com
lmatalon@desmaraisllp.com

*Attorneys for Defendant Apple Inc.*

4

## CERTIFICATE OF SERVICE

I certify that this document was served to all parties and counsel of record electronically

via CM/ECF and in the following manner(s) on this day.

| **Party** | **Manner** | |
| Plaintiff Larry Golden | *Via Certified U.S. Mail to:* | (Fed. R. Civ. P. 5(b)(2)(C)) |
| | 740 Woodruff Rd., #1102 | |
| | Greenville, SC 29607 | |
| | | |
| | *Courtesy copy via email to:* | |
| | Atpg-tech@charter.net | |

Dated: June 15, 2026                    By:    */s/ Lee J. Matalon*

                                        *Attorney for Defendant Apple Inc.*

5